Green, Judge,
delivered the opinion of the court:
This is an action by a naval officer to recover rental and subsistence allowance alleged to be due him on account of a dependent mother. The case turns upon the question of whether plaintiff’s mother owned certain property in the entirety or held it impressed with a trust as hereinafter explained. If plaintiff’s mother was the sole owner of this property, the court could not hold she was dependent upon the plaintiff for her chief support upon such evidence as is furnished by all the testimony in the case. On the other hand, if she held the property impressed with a trust for the benefit of others in the manner hereinafter set forth, it is clear that she was dependent upon him for her chief support.'
The property in question consists of some stocks and bonds of the value of about $8,000, and a house having an assessed valuation of $5,000. The stocks and bonds were acquired from a brother of plaintiff at his decease, the plaintiff’s mother being a beneficiary in an insurance policy on his life to the extent of $7,000 and also receiving from his estate about $1,000 in money or its equivalent. The evidence fails to show whether he left any will, but it appears that prior to his death he stated that he wanted this property used for the support and maintenance .of plaintiff’s father, mother, and sister, the father being an invalid incapable of pursuing any gainful occupation and having no property or income, and the sister likewise having no earning capacity. After the son’s death it appears from the evidence that all parties concerned treated this property as belonging jointly to the father, mother, and sister, to be used for that purpose and that it was so used. The trust having been recognized and conceded by the mother ever since the death of her son, we think must also be recognized by the court. It is true that the plaintiff’s mother had submitted an affidavit to the Comptroller General stating that she was the owner of this property but the real fact is so well established that we think this statement must have been made by inadvertence, using the word “ owner ” as meaning that she held the legal-title. So far as the house is concerned, there is nothing to *427 show in whom the legal title rests but the evidence shows that in respect to its use and ownership it was treated in the same manner, and that the sister was jointly in possession of the house with the mother and father. Such being the case, oral testimony is admissible to show the interests of the parties in this property. We do not find it necessary to determine the exact legal status of the parties with reference to this property. It is sufficient for the purposes of the case to hold, as we do, that it was impressed with a trust for the purposes above stated, and that consequently the mother was dependent upon plaintiff for her chief support.
It is conceded that if plaintiff is entitled to rental and subsistence allowance for the period in question the amount due him is $6,152.28. It follows that he is entitled to judgment for that amount, and it will be so ordered.
Williams, Judge; Littleton, Judge; Graham, Judge; and Booth, Chief Justice, concur.